KIPP & ALLEN, LLP
By: Richard J. Allen, Jr. Esq. Attorney No. 023041981
52 Chestnut Street
P. O. Box 133
Rutherford, New Jersey 07070
(201) 933-3633
Attorneys for Defendant AlCarlo, LLC , Joseph Policastro
Chris Mehos and Alan Rudolph

| | |
|---|---|
| EDWARD SNYDER,<br><br>                                    Plaintiff,<br><br>v.<br><br>ALCARLO, LLC, JOSEPH POLICASTRO, CHRIS MEHOS, ALAN RUDOLPH, JOHN DOES [1-10] AND ABC CORPORATIONS [1-10],<br><br>                                    Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.<br><br>NOTICE OF REMOVAL |

To:   The Honorable Judges of the United States District Court
       for the District of New Jersey

PLEASE TAKE NOTICE that Defendants Al Carlo, LLC, Joseph Policastro, Chris Mehos and Alan Rudolph by and through their attorneys KIPP & ALLEN, LLP hereby remove the above-captioned action from the Superior Court of New Jersey, Law Division, Hudson County to the United States District Court for the District of New Jersey. Removal is based upon the following:

1.   On or about October 5, 2019, Plaintiff Edward Snyder commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division/Hudson County, Docket No. HUD-L-3846-19 entitled *Edward Snyder v. Alcarlo, LLC, Joseph Policastro, Chris Mehos, Alan Rudolph, John Does [1-10] and ABC Corporations [1-10]*, (the "State Action"). The State Action is pending in that court.

2. Al Carlo was served on November 3, 2019; Chris Mehos was served on November 7, 2019. Their responsive pleadings are not yet due under New Jersey law. Joseph Policastro and Alan Rudolf have not yet been served with a copy of the Complaint, therefore, this Notice of Removal is timely filed within the meaning of *28 U.S.C. § 1446(b),* see *Murphy Brothers v. Michetti Pipe Stringing 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L.Ed.2d 448 (1999)*; and *Sikirica v. Nationwide Insurance Company, 416 F. 3d 214, 220-223 (3d Cir. 2005)*. (mere receipt of a copy of the Complaint unattended by formal service does not commence a Defendant's time to remove a case). See also *Granovsky v. Pfizer, Inc., 631 F. Supp. 2d 554 (D.N.J. 2009)*.

3. This Notice of Removal is also timely pursuant to "last served defendant" rule. Here, although Chris Mehos and Al Carlo, LLC are outside of 30 days from service of the complaint, the "last served defendant" rule permits removal of this matter. The last-served defendant may remove within thirty (30) days of service upon it (the "last served defendant rule") and other defendants may consent to the later-served Defendant's removal even if their own removal periods have expired. *Cmiech v. Electrolux Home Prods., Inc., 520 F.Supp.2d 671, 676 (M.D.Pa. 2007); Di Loreto v. Costigan, 351 Fed. App'x 747, 752 (3d Cir.2009) (citing Cmiech, 520 F.Supp.2d at 676); See also Bostrom v. New Jersey Div. of Youth & Family Servs., 2011 WL 3684817, at \*3 (D.N.J. Aug.22, 2011)*. Here all defendants consent.

4. This Court has original jurisdiction over this civil action pursuant to *28 U.S.C. § 1331(a)* in that the Plaintiff's claim asserts a cause of action arising under the Constitution, Laws or Treaties of the United States, to wit: a claim under the Fair Labor Standards Act, *29 U.S.C. §§ 203(d), 206, 207, 215 and 216(b).* This Court has supplemental jurisdiction over State law claims asserted in the Complaint pursuant to *28 U.S.C. § 1367(a).*

5.  Therefore, this action may be removed by Defendants pursuant to the provision of *28 U.S.C. § 1441(a)* because it is a civil action arising under the laws of the United States as described in Paragraph 4 above.

6.  Venue in this District is proper pursuant to *28 U.S.C. § 1391(b)*.

7.  Pursuant to *28 U.S.C. § 1441(a),* a copy of the Complaint which constitute all process, pleadings, and orders received by Policastro in the State Action is attached hereto as <u>Exhibit A</u>.

8.  This Notice of Removal is being filed within the time provided by *28 U.S.C. § 1441(b) (1)*.

9.  Pursuant to *28 U.S.C. § 1446(d),* a copy of this Notice of Removal is being submitted for filing to the Clerk of the Superior Court of New Jersey, Law Division, Hudson County and is being served upon counsel of record for Plaintiff.

10. In filing this Notice of Removal, Defendants do not waive any of defects in service of process, venue, or personal jurisdiction or any defenses or claims which may be available to him.

11. All Defendants named in the Plaintiff's Complaint consent to this Removal.

Respectfully submitted,

Dated: December ___6___, 2019

Richard J. Allen, Jr.
**Attorney for Defendants**
**KIPP & ALLEN, L.L.P.**
**52 Chestnut Street**
**P. O. Box 133**
**Rutherford, New Jersey 07070**
**(201) 933-3633**
**rallen@kippallenlaw.com**

# Exhibit A

Law Offices of Alexander Fotopoulos
580 Newark Avenue
Jersey City, New Jersey 07306
(201) 418-0143
Attorney for Plaintiff: EDWARD SNYDER

| EDWARD SNYDER<br><br>Plaintiff(s)<br><br>vs.<br><br>ALCARLO LLC aka FM BAR, Joseph Policastro, Chris Mehos, Alan Rudolph, JOHN DOES [1-10] and ABC CORPORATIONS [1-10]<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br>DOCKET NO.: HUD-L-3846-19<br><br>CIVIL ACTION<br><br>SUMMONS |
|---|---|

The State of New Jersey, to the above named Defendant(s):

### ALCARLO LLC aka FM BAR

The Plaintiff named above has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and Proof of Service with the Deputy Clerk of the Superior Court in the county listed above within thirty- five (35) days from the date you received this Summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written Answer or Motion and Proof of Service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A $175.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within thirty-five days (35), the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: October 7, 2019

*Michelle M. Smith*
Michelle M. Smith, Clerk of the
Superior Court of New Jersey

Name of Defendant to be served: ALCARLO LLC aka FM BAR
Address for service: 340 3rd Street
Jersey City, New Jersey 07302

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First F., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

ESSEX COUNTY:
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(201) 622-6207
LEGAL SERVICES
(201) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY:
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(908) 828-0053
LEGAL SERVICES
(908) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(908) 431-5544
LEGAL SERVICES
(908) 866-0020

MORRIS COUNTY:
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(908) 240-3666
LEGAL SERVICES
(908) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(201) 278-9223
LEGAL SERVICES
(201) 345-7171

SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd FL
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 383-7400

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

WARREN COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
Court House
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(908) 475-2010

HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY        NJ 07306

                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 748-4400
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    OCTOBER 07, 2019
                    RE:      SNYDER EDWARD   VS ALCARLO LLC
                    DOCKET:  HUD L -003846 19

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON MARY K. COSTELLO

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       002
AT:  (201) 748-4400.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                                    ATT: JAMES W. TAYLOR
                                    JAMES W. TAYLOR, JR.
                                    580 NEWARK AVENUE
                                    JERSEY CITY       NJ 07306

ECOURTS

Law Offices of Alexander Fotopoulos
580 Newark Avenue
Jersey City, New Jersey 07306
(201) 418-0143
Attorney for Plaintiff: EDWARD SNYDER

| EDWARD SNYDER | SUPERIOR COURT OF NEW JERSEY |
| --- | --- |
| Plaintiff(s) | LAW DIVISION: HUDSON COUNTY DOCKET NO.: |
| vs. | CIVIL ACTION |
| ALCARLO LLC aka FM BAR, Joseph Policastro, Chris Mehos, Alan Rudolph, JOHN DOES [1-10] and ABC CORPORATIONS [1-10] | COMPLAINT |
| Defendant(s) | |

Plaintiff, EDWARD SNYDER (hereinafter "SNYDER"), by his attorneys, LAW OFFICES OF ALEXANDER FOTOPOULOS, by way of complaint against Defendants states:

## AS AND FOR A FIRST CAUSE OF ACTION

1. Plaintiff was and still is a resident of Jersey City in the State of New Jersey.

2. Upon information and belief, at all times hereinafter mentioned, Defendant, ALCARLO LLC aka FM BAR (hereinafter "FM BAR") is a domestic limited liability corporation with a place of business at 340 3rd Street, Jersey City, New Jersey 07302.

3. Upon information and belief, at all times hereinafter mentioned, the Defendants, Joseph Policastro, Chris Mehos and Alan Rudolph (hereinafter collectively referred to as "PRINCIPALS") are persons engaged in business in the State of New Jersey.

4. "JOHN DOES [1-10]" being unknown persons are believed to be associated with FM BAR as either principals, investors, owners, officers and/or agents of the business of FM BAR.

1

5. PRINCIPALS are being sued individually and in their capacity as owners, officers, employees and/or agents of the Defendant FM BAR.

6. Upon information and belief, "PRINCIPALS" substantially control functions of FM BAR including all management, wage determination, work schedules, and hiring decisions.

7. Plaintiff was employed by Defendants as a manager to provide management and other general business services to FM BAR.

8. Plaintiff was to receive a minimum compensation of $3,500.00 per month for a period from January 2018 to January 31, 2019.

9. At all relevant times, Plaintiff's work and job duties were of such form, function and scope that required that Plaintiff be classified as an employee of FM BAR.

10. At all relevant times, Plaintiff's work and job duties were of such form, function and scope that required that Plaintiff be classified as a "NON-EXEMPT" employee of FM BAR.

11. At all relevant times, Defendants willfully mis-classified Plaintiff as an independent contractor in violation of Federal law and New Jersey law, in particular the New Jersey Anti-Wage Theft Act and the New Jersey Minimum Wage laws set forth at *N.J.S.A. 34:11-56a et seq*.

12. Plaintiff was supervised and managed by the PRINCIPALS at all times during his tenure at FM BAR from January 2018 to May 30, 2018 when he was constructively terminated.

13. Plaintiff worked in excess of 60 hours per week.

2

14. Plaintiff incurred various expenses and charges on behalf of the Defendants as part of his work duties and responsibilities in excess of $12,690.00. These expenses were authorized and approved by the Defendants and paid by Plaintiff.

15. Defendants failed to pay Plaintiff any compensation, wages or overtime wages for work performed from January 2018 through January 31, 2019.

16. Sometime in May 2018, after Plaintiff expressed his concern for certain improper, illegal and/or illicit activities that were occurring on the Premises of FM by the Principals and/or their associates, Defendants retaliated against plaintiff by creating a hostile work environment causing Plaintiff to terminate his employment on or about May 30, 2018 in violation of the FLSA, 29 U.S.C. §215 and the New Jersey law.

17. Sometime in May 2018, after Plaintiff expressed his concern that he was not being compensated for his services as agreed and was not being reimbursed his expenses, Defendants retaliated against plaintiff by creating a hostile work environment causing Plaintiff to terminate his employment on or about May 30, 2018 in violation of the FLSA, 29 U.S.C. §215 and the New Jersey law.

18. Defendants willfully and maliciously refused to pay Plaintiff compensation for his services and labor in violation of the Federal Labor Standards Act, 29 U.S.C. §§206 and 207 (hereinafter referred to as "FLSA").

19. Defendants willfully and maliciously refused to pay Plaintiff compensation for his services and labor in violation of the New Jersey Anti-Wage Theft Act and the New Jersey Minimum Wage laws set forth at *N.J.S.A. 34:11-56a et seq.*

20. At all times relevant to this action, Plaintiff was employed by Defendants and engaged in commerce and/or the services for commerce for or on behalf of the Defendants within the meaning of the FLSA.

21. At all times relevant to this action, Defendants were employers within the meaning of the FLSA, 29 U.S.C. §203(d).

22. As a result of the unlawful acts of Defendants, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages, unpaid expenses, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs of the action, pursuant to 29 U.S.C. §216(b).

## AS AND FOR A SECOND CAUSE OF ACTION

23. Plaintiff repeats and realleges paragraphs "1" through "22" as if fully set forth herein.

24. At all times relevant to this action, Plaintiff was employed as an employee by Defendants within the meaning of the New Jersey law, in particular the New Jersey Anti-Wage Theft Act and the New Jersey Minimum Wage laws set forth at *N.J.S.A. 34:11-56a et seq.*

25. Defendants willfully, knowingly and/or recklessly violated Plaintiff's rights by failing to pay Plaintiff the agreed upon compensation in violation of the New Jersey Anti-Wage Theft Act and the New Jersey Minimum Wage laws set forth at *N.J.S.A. 34:11-56a et seq.*

26. Defendants' New Jersey Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

27. Due to Defendants' violations of New Jersey State law, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of the action.

4

### AS AND FOR A THIRD CAUSE OF ACTION

28. Plaintiff repeats and realleges paragraphs "1" through "27" as if fully set forth herein.

29. That sometime in May 2018, after plaintiff raised concerns regarding certain improper and/or illicit activities by the PRINCIPALS of FM BAR, Defendants retaliated by refusing to pay Plaintiff and retaliated against Plaintiff by creating a hostile work environment resulting in his constructive termination in violation of New Jersey law.

30. That as a result of the violation of the Conscientious Employee Protection Act, Sections 34:19-1 et seq. of the New Jersey Statutes, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of the action.

### COUNT FOUR OF COMPLAINT

31. Plaintiff repeats and re-alleges all of the allegations contained in paragraphs 1 through 30 above and incorporates them herein by this reference.

32. Defendants agreed to compensate Plaintiff $3,500.00 per month plus Plaintiffs unpaid expenses.

33. That Plaintiff worked and provided benefits and services to the Defendants from January 2018 to May 2018 valued at $17,500.00; and Plaintiff incurred expenses of $12,690.00 for the benefit of Defendants.

34. That Plaintiff was ready, willing and able to work for the full period through January 31, 2018 but for Defendants retaliation against Plaintiff as described above.

35. That Defendants failed to compensate Plaintiff as agreed and in accordance with New Jersey law.

5

36. That as a direct and proximate result of Defendants breach of contract that Plaintiff suffered damages of approximately $54,690.00.

37. Moreover, that as a result of Defendants breach, Plaintiff suffered damages in resulting from Defendants breach of the covenant of good faith and fair dealing.

## COUNT FIVE OF COMPLAINT

38. Plaintiff repeats and re-alleges all of the allegations contained in paragraphs 1 through 37 above and incorporates them herein by this reference.

39. That the Defendants were unjustly enriched in the amount of Plaintiffs unpaid wages and unpaid expenses.

40. That as a direct and proximate result of Defendants' unjust enrichment Plaintiff suffered damages

41. That as a direct and proximate result of Defendants breach of the covenant of good faith and fair dealing, plaintiff has suffered damages.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

42. Declare Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA, New Jersey Anti-Wage Theft Act and the New Jersey Conscientious Employee Protection Act;

43. Award Plaintiff damages for the amount of unpaid wages and unpaid expenses due under the FLSA;

44. Award Plaintiff damages for the amount of unpaid wages and unpaid expenses due under the agreement from January 2018 to January 2019;

6

45. Award Plaintiff liquidated damages in an amount equal to the 200 percent of the unpaid wages and unpaid expenses and compensation shown to be owed pursuant to the New Jersey Anti-Wage Theft Act;

46. Award Plaintiff prejudgment interest;

47. Award Plaintiff the costs of this action together with reasonable attorney fees and costs pursuant to 29 U.S.C. §216(b) and/or the New Jersey Statutes;

48. Award Plaintiff damages for retaliatory termination of his employment in accordance with the Conscientious Employee Protection Act, NJSA 34:19-1 et seq;

49. Award Plaintiff punitive damages for the retaliatory termination of his employment in violation of the FLSA;

50. Award Plaintiff punitive damages for the retaliatory termination of his employment in violation of the New Jersey Anti-Wage Theft Act;

51. Provide such other and further relief as the Court deems just and proper.

### CERTIFICATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Alexander Fotopoulos is hereby designated as trial counsel for the Plaintiff in the above Complaint.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues presented.

7

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned attorney for the Plaintiff certifies upon information and belief as follows:

1. The matter in controversy for this is not the subject of any action pending in any Court or any pending arbitration proceeding.

2. No other action or arbitration is contemplated; and I hereby certify that the above statements made by me are true. I am aware that if any of the above statements made by me are willfully false, I am subject to punishment.

---

Alexander Fotopoulos, Esq.
LAW OFFICES OF ALEXANDER
FOTOPOULOS
Attorneys for the Plaintiff:
EDWARD SNYDER

8

# Civil Case Information Statement

**Case Details: HUDSON | Civil Part Docket# L-003846-19**

Case Caption: SNYDER EDWARD VS ALCARLO LLC
Case Initiation Date: 10/05/2019
Attorney Name: JAMES W TAYLOR
Firm Name: JAMES W. TAYLOR, JR.
Address: 580 NEWARK AVENUE
JERSEY CITY NJ 07306
Phone: 2014180143
Name of Party: PLAINTIFF : Snyder, Edward
Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: EMPLOYMENT (OTHER THAN CEPA OR LAD)
Document Type: NJ eCourts Case Initiation Confirmation
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? YES

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
    If yes, for what language:


Please check off each applicable category: Putative Class Action? NO    Title 59? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/05/2019
Dated

/s/ JAMES W TAYLOR
Signed