KIPP & ALLEN, L.L.P.
By: Richard J. Allen, Jr., Attorney No. 023041981
52 Chestnut Street
P. O. Box 133
Rutherford, New Jersey 07070
(201) 933-3633
rallen@kippallenlaw.com
Attorneys for Defendants

UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD SNYDER,<br><br>                Plaintiff,<br><br>v.<br><br>AL CARLO, LLC, et al.<br><br>                Defendants. | CIVIL NO.: 1:19-cv-21161<br><br>ANSWER AND COUNTERCLAIM<br><br>Document Electronically Filed |

Defendants Alcarlo, LLC, Joseph Policastro, Chris Mehos and Alan Rudolph by way of Answer to Plaintiff's Complaint say:

### FIRST COUNT

1. Defendants lack sufficient information to form a belief as to the truth of the allegations of Paragraph 1.

2. Defendants admit that Alcarlo, LLC is a New Jersey Limited Liability Company with a place of business at 340 3rd Street, Jersey City, New Jersey. Except as admitted, the allegations of Paragraph 2 are denied.

3. Defendants admit that Joseph Policastro, Chris Mehos and Alan Rudolph are persons and are engaged in business in the State of New Jersey. Except as admitted, Defendants deny the allegations of Paragraph 3.

4. Paragraph 4 makes no allegations against the answering Defendants and no answer is asserted thereto.

5. Defendants admit that they are being sued individually but deny any liability as alleged in the Complaint. Defendants also deny they are owners, officers, employees and/or agents of Defendant Alcarlo, LLC.

6. Defendants deny the allegations of Paragraph 6.

7. Defendants deny the allegations of Paragraph 7.

8. Defendants neither admit nor deny the allegations of Paragraph 8 but state that the contract entered into between Plaintiff and Defendant Alcarlo, LLC speaks for itself.

9. Defendants deny the allegations of Paragraph 9.

10. Defendants deny the allegations of Paragraph 10.

11. Defendants deny the allegations of Paragraph 11.

12. Defendants deny the allegations of Paragraph 12.

13. Defendants deny the allegations of Paragraph 13.

14. Defendants deny the allegations of Paragraph 14.

15. Defendants deny the allegations of Paragraph 15.

16. Defendants deny the allegations of Paragraph 16.

17. Defendants deny the allegations of Paragraph 17.

18. Defendants deny the allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

## SECOND COUNT

23. Defendants repeat and reallege their answers to the allegations of Paragraphs 1 through 22 of the Complaint as if set forth herein at length.

24. Defendants deny the allegations of Paragraph 24.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27.

## THIRD COUNT

28. Defendants repeat and reallege their answers to the allegations of Paragraphs 1 through 27 of the Complaint as if set forth herein at length.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

## FOURTH COUNT

31. Defendants repeat and reallege their answers to the allegations of Paragraphs 1 through 30 of the Complaint as if set forth herein at length.

32. Defendants neither admit nor deny Paragraph 32 but state that the contract between Plaintiff and Alcarlo, LLC speaks for itself.

33. Defendants deny the allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

## FIFTH COUNT

38. Defendants repeat and reallege their answers to the allegations of Paragraphs 1 through 37 of the Complaint as if set forth herein at length.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted as a matter of law.

2. The Complaint is barred, in whole or in part, by Plaintiff's own conduct and by the doctrines of equitable estoppels, laches, waiver, and/or unclean hands.

3. The Complaint is barred, in whole or in part, by the doctrines of equitable estoppels.

4. The Complaint is barred, in whole or in part, by Plaintiff's unclean hands.

5. The Complaint is barred, in whole or in part, by the doctrine of laches.

6. The Complaint is barred, in whole or in part, by the doctrine of waiver.

7. Plaintiff's claims are barred in whole or in part, by the applicable statutes of limitations and/or filing periods.

8. Plaintiff's alleged damages or injuries were not caused by or related to any wrongful conduct by Defendant.

9. The claims asserted in the Complaint are barred to the extent any injury or damage sustained by Plaintiff was caused by his own conduct.

10. Defendant has paid all amounts due and owing in accordance with the requirements of federal and state law.

11. The claims asserted in Plaintiff's Complaint are barred to the extent the Complaint seeks compensation for time or sums which are de minimis and therefore not recoverable.

12. Plaintiff's claims are barred, in whole or in part, insofar as Defendants' actions were taken in good faith and with reasonable grounds to believe that its actions were not in violation of the cited statutory provisions, and in conformity with and reliance upon state laws, administrative regulations, orders, rulings, statements, practices, approvals and/or interpretations.

13. Plaintiff's claims fail, in whole or in part, to the extent that he seeks compensation for activities that are considered non-comparable.

14. Plaintiff is exempt from the overtime provisions of the New Jersey Wage and Hour Law and the Fair Labor Standard Act as Defendants reserve the right to amend or add defenses which may become later known during the course of discovery or revealed during pretrial procedures.

15. Defendants committed no retaliatory act within the meaning of New Jersey law for which Plaintiff can recover.

16. Plaintiff was an independent contractor, not an employee of Defendant Alcarlo LLC and therefore lacks standing to assert the claims made in the complaint.

17. Defendants reserve the right to assert additional affirmative defenses as discovery may identify.

**WHEREFORE,** Defendants demand judgment dismissing Plaintiff's Complaint together with costs of suit and such other relief as the Court deems just.

## COUNTERCLAIM

Defendant Alcarlo, LLC by way of Counterclaim against Plaintiff says:

1. The court has jurisdiction on this counterclaim pursuant to 28 U.S. C. 1367(a) and venue in this district is appropriate pursuant to 28 U.S.C. 1391(b).

2. On or about March 23, 2018, Plaintiff and Defendant Alcarlo, LLC entered into a management contract.

3. Pursuant to that contract, Plaintiff was to serve as an independent contractor providing management services to Alcarlo, LLC for a restaurant at 340 3rd Street, Jersey City, New Jersey.

4. The agreement between the parties required 45 days' notice of termination.

5. Despite that required notice, Plaintiff terminated the agreement virtually without notice on or about April 15, 2018.

6. Prior to his termination, Plaintiff made unauthorized expenditures.

7. Prior to termination of the agreement some of the unauthorized expenditures incurred by Plaintiff were not only unauthorized but in violation of duties owed to Alcarlo, LLC resulting in loss to Alcarlo, LLC.

8. The agreement provided that Plaintiff was to provide a $10,000 loan to Alcarlo, LLC.

9. Plaintiff failed to provide that loan.

10. By virtue of the conduct above, Plaintiff is in breach of the contract.

11. Plaintiff's breach is the proximate cause of damages to Alcarlo, LLC.

**WHEREFORE,** Defendant Alcarlo, LLC demands judgment on this Counterclaim for

compensatory damages, cost of suit and such other relief as the Court deems just.

Dated: December 6, 2019

Richard J. Allen, Jr.
Attorney for Defendants
KIPP & ALLEN, L.L.P.
52 Chestnut Street
P. O. Box 133
Rutherford, New Jersey 07070
(201) 933-3633
rallen@kippallenlaw.com

## CERTIFCATION OF SERVICE

RICHARD J. ALLEN, JR. certifies as follows:

1. I am admitted to practice before this Court. I am a member of the firm of Kipp & Allen, LLP attorneys for Defendants in the above-referenced matter.

2. On this date, I caused this Answer and Counterclaim to be electronically filed with the court and served upon Plaintiff Edward Snyder by serving Alexander Fotopoulos, Esq., counsel of record for Plaintiff, via email addressed to alex@fotolaw.com, the known email address for Mr. Fotopoulos and via FedEx Overnight Delivery to:

> Alexander D. Fotopoulos, Esq.
> 580 Newark Avenue
> Jersey City, New Jersey 07306

3. Pursuant to 28 U.S.C. § 1764, I certify that the foregoing is true and correct.

December 6, 2019

Richard J. Allen, Jr.